(No. 80-CC-1628—

TAMMY D. GRAHAM, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed February 18, 1982.*

*Order filed February 8, 1983.*

LEONARD M. RING & ASSOCIATES, for Claimant.

NEIL F. HARTIGAN, Attorney General (SAUL R. WEXLER, Special Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss.

Respondent's motion, filed December 4, 1980, sets forth that on September 30, 1980, Respondent served on Claimant interrogatories and a notice to produce certain documents. On January 9, 1981, when Claimant had not responded to the interrogatories and notice to produce, Respondent wrote to Claimant's counsel demanding compliance; Respondent then forwarded a second letter to Claimant's counsel on March 23, 1981, demanding compliance and on May 19, 1981, during a telephone conversation, Claimant's counsel advised counsel for Respondent that a response would be forthcoming within the succeeding two weeks. Respondent's motion further sets forth that as of the date it filed its motion to dismiss, Claimant had not responded to the interrogatories or the notice to produce.

It is hereby ordered that Respondent's motion to dismiss be, and the same is, granted, and this cause is dismissed.

## ORDER

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss.

Respondent's motion to dismiss sets forth that the Claimant filed a companion case in the circuit court of Coles County, under No. 80-L-22, and thereafter entered into a settlement with the individual defendants and executed a general release to them which expressly released:

". . . all other persons, firms and corporations of and from any and all claims, demands, rights, and causes of action, of whatsoever kind or nature, arising from or by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, loss and damage to property, and the consequences thereof, resulting and to result from an occurrence which happened on or about the 17th day of September, 1979 at or near Route 316 just east of County Road 1420E near Charleston, Illinois."

On September 14, 1979, an Act entitled "Contribution Among Joint Tortfeasors" (P.A. 81-801; Ill. Rev. Stat. 1981, ch. 70. par. 301 *et seq.*) took effect which provides *inter alia:*

"(c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or covenant, or in the amount of the consideration actually paid for it, whichever is greater." (Ill. Rev. Stat. 1981, ch. 70, par. 302(c)).

The Court finds that Claimant, having executed a general release not reserving to itself any rights against the State of Illinois, did hereby release the State of Illinois from any liability.

Respondent's motion to dismiss is hereby granted and this cause is dismissed.